UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN<br><br>Plaintiff(s),<br><br>v.<br><br>MERCHANT CASH CLOUD<br><br><br>Defendant(s). | CASE NO:<br>2:15−cv−04500−SVW−MRW<br><br>ORDER SETTING INITIAL STATUS CONFERENCE |

      IT IS HEREBY ORDERED that a Status Conference be set for Monday, November 16, 2015 at 03:00 PM, before the Honorable Stephen V. Wilson.  The attorneys attending this conference <u>MUST</u> be those who are in charge of the conduct of the trial.   Attendance is mandatory.

      <u>This Court views this status conference as critical to its case management responsibilities.  Counsel are required to approach it with the same seriousness.</u>

      IT IS FURTHER ORDERED that counsel meet and confer prior to conference in accordance with Local Rule 26, however, counsel are not required

///

///

to file any documents, such as an Early Meeting Report or the Status Conference Report.

<u>Failure on the part of counsel to participate knowledgeably in the conference may result in sanctions</u>.

IT IS FURTHER ORDERED that, at the Status Conference, counsel <u>must</u> be fully prepared to inform the Court of the following:

(1)  the theory of the case, both factual and legal,

(2)  settlement potential and approaches including an

   examination of whether a limited trial on certain bifurcated

   issues could lead to an overall disposition of the case,

(3)  length of trial, jury vs non−jury, unusual trial problems, etc.,

(4)  motions to be filed and an explanation for their necessity.

This Court <u>will not</u> continue this status conference except upon a showing of good cause.

(**Rule 26f**) Counsel should view the discovery period as a time for the orderly and <u>cooperative</u> exchange of information essential to a resolution of the case.  Sanctions will be imposed if counsel impede the discovery process through contentiousness and over−litigiousness.  In short, the Court does not view the pre−trial process as an arena or a series of hostile skirmishes, but rather as a structure through which legal and factual positions are openly and candidly exchanged.  The goal must be the early and inexpensive settlement of the cases or the refinement of issues for trial.

All discovery matters have been referred to a United States Magistrate Judge <u>as provided in this Court's Standing Order</u>.  Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes.  Any discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought promptly

and directly to the attention of <u>this Court</u>.

Plaintiff's counsel, or counsel for defendant if plaintiff is pro se, is to provide <u>written notice</u> of this conference and the meeting requirements to any parties appearing, who are known and not yet formally appeared, on or after the date of this order.

**IT IS SO ORDERED.**

DATED: October 21, 2015

_____
Stephen V. Wilson
United States District Judge